UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR05-0231-JCC |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| DALE ROBERT GRANMO, | ) | |
| Defendant. | ) | |

Offense charged:

Violent Crime in Aid of Racketeering: Kidnaping

Date of Detention Hearing:   July 1, 2005

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)   Defendant is named in one count of a twenty count indictment that has been brought against certain individuals, some of whom are alleged to be leaders and/or members of the Bandidos Outlaw Motorcycle Organization. He was arrested in the District of Montana and appeared before U.S. Magistrate Judge Holter, where an appearance bond was issued and he was

released to appear before this court.

(2) The Indictment alleges that the Bandidos Outlaw Motorcycle Organization is a criminal organization whose members and associates engaged in acts of violence, including kidnaping, assault, threats of violence, and extortion in the United States and throughout the world. The Bandidos is alleged to constitute a criminal enterprise as defined in Title 18, USC, Section 1959(b)(2), that is, an enterprise constituting an ongoing organization whose members function as a continuing unit for common purpose of achieving racketeering activity. Mr. Granmo is alleged to be a member of the Missoula Chapter of the Bandidos organization, and further alleged to be a close associate of the president of that chapter, also a co-defendant, acting under his direction and order. Mr. Granmo is alleged to be responsible for carrying out disciplinary and enforcement directives made by the co-defendant against rival motorcycle club members in Montana.

(3) The charges against defendant arise out of an alleged kidnaping incident relating to another individual. Defendant is alleged to have forcibly removed the individual at gunpoint in the course of the kidnaping.

(4) Defendant was interviewed by Pretrial Services in Montana, and is said to have claimed to be clean and sober for 15 years, although testing positive for methamphetamine on June 17, 2005. A subsequent urine test was negative. Pretrial Services recommended that the defendant be detained.

(5) There is an active extraditable warrant from the State of Arizona. The defendant was convicted in Great Falls, Montana for the charges of assault with a weapon, kidnaping, carrying a concealed weapon (relating to the incident described in the Indictment in this case), and has another CCW conviction and a domestic abuse conviction.

(6) Although a transcript of the detention hearing in Montana was not available, it appears that the information described in the preceding paragraphs was available to Judge Holter. Additional information made available to this Court by way of proffer from the AUSA is that

defendant is alleged to be a long time drug user and trafficker. He is further alleged to have bragged about beating up a former chapter President, hitting him on the head with an ax, and blowtorching a tattoo off the individual's body. The defendant adamantly denies these allegations.

(7) Defendant poses a risk of nonappearance due to alleged controlled substance use. He poses a risk of danger due to criminal history, controlled substance use, the nature of the charge, and other alleged violent behavior, particularly in light of the nature of the instant charges.

(8) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

/ / /

/ / /

/ / /

/ / /

(4)   The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>1st</u> day of July, 2005.

_____
Mary Alice Theiler
United States Magistrate Judge