UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE WEGERS, et al.,<br><br>Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant Dale Robert Granmo's motion for a bill of particulars as to Count 2 of the First Superseding Indictment (Dkt. No. 465). Having considered the papers submitted by the parties and the superseding indictment, and finding oral argument unnecessary, the Court GRANTS Defendant's motion IN PART as follows.

**I.      Background**

Defendant Granmo is charged in Count 2 of the First Superseding Indictment ("FSI") with conspiracy to commit RICO in violation of 18 U.S.C. § 1962(d). Specifically, the FSI alleges that Granmo, along with seven other named co-conspirators and others unknown, agreed that a co-conspirator would commit at least two of the ten racketeering acts set forth in Count 1, section F. (*See* FSI 14–15.) Of the seven named co-conspirators in Count 2, only Granmo is not named in any of those

ORDER – 1

1  ten racketeering acts. (*Id.* 10–14.) However, Granmo is accused in Counts 4 and 5 of conspiracy to
2  commit kidnapping and kidnapping, respectively. (*Id.* 16–17.)
3       Granmo was arraigned on September 16, 2005 (Dkt. No. 427), and timely filed this motion for
4  particulars on September 23 (Dkt. No. 465). *See* FED. R. CRIM. P. 7(f) (requiring that motion for
5  particulars be filed within fourteen days of arraignment). By this motion, Granmo seeks an order
6  requiring the government to disclose particulars as to five elements of the conspiracy charge in Count 2:
7  (1) the identities of the co-conspirators with whom Granmo agreed that two or more acts of racketeering
8  would take place; (2) the specific acts of racketeering that Granmo agreed would be committed; (3)
9  details as to how and why the racketeering acts to which Granmo agreed were necessary or helpful to the
10 racketeering organization; (4) the dates and locations of the agreement(s) Granmo entered; and (5) the
11 dates and locations of the acts of racketeering that Granmo agreed would take place. (*See* Def.'s
12 Mot. 6.) As explained below, the Court agrees that the FSI fails to provide Granmo with sufficient detail
13 to allow him to effectively prepare his defense, but only as to the second of Granmo's five requests.
14 **II.**    **Legal Discussion**
15      The Court recited much of the substantive law applicable to Defendant Granmo's motion in its
16 recent denial of Defendant Ortman's motion for particulars (*see* Dkt. No. 507). As the Court stated in
17 that order, the decision to order a bill of particulars under Federal Rule of Criminal Procedure 7(f) is
18 entrusted to the sound discretion of the trial court. *Wong Tai v. United States*, 273 U.S. 77 (1927). The
19 purpose of a bill of particulars is threefold: (1) to inform the defendant of the nature of the charges
20 against him, (2) to minimize the danger of surprise at trial, and (3) to permit the defendant to assert
21 double jeopardy as a defense when appropriate. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir.
22 1991). When the indictment alleges RICO offenses, the principles underlying Rule 7(f) take on
23 heightened importance: "With the wide latitude accorded the prosecution to frame a charge that a
24 defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering
25 activity' comes an obligation to particularize the nature of the charge to a degree that might not be
26 ORDER – 2

necessary in the prosecution of crimes of more limited scope." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988).

In most respects, the charge against Granmo in Count 2 meets the requirements of Rule 7(f). Count 2 is not flawed for failing to allege with specificity the dates, times, or names of all co-conspirators with whom Granmo allegedly agreed. *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985). Indeed, the agreement required to support a conspiracy charge need not be established by direct evidence: "it is well established that a conspiracy may be proved by circumstantial evidence and that to constitute an unlawful conspiracy no formal agreement is necessary." *Ayers*, 924 F.2d at 1482.

Nor must the government prove in advance of trial how the racketeering acts to which Granmo agreed would specifically assist or advance the interests of the racketeering organization. An indictment complies with Rule 7 so long as it "state[s] the essential facts constituting the offense charged," even if it "allege[s] that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means." *United States v. Markee*, 425 F.2d 1043, 1047–48 (9th Cir. 1970). A conspiracy indictment is sufficiently detailed so long as it discloses the government's *theory* against the defendant. The disclosure of the specific evidence supporting the government's theory is not required.[1] *Id.*

However, without any indication that Granmo agreed to his co-conspirators carrying out *any* of the racketeering acts, he is unfairly disadvantaged in discovery and at trial. Alone among his co-defendants in Count 2, Granmo is not charged in any of the ten racketeering acts in Count 1, section F. The government responds by pointing to Counts 4 and 5, which allege that Granmo engaged in conspiracy to commit kidnapping and the substantive crime of kidnapping, respectively. (*See* FSI 16–17.) The conspiracy and kidnapping charges in those counts are substantively identical to Racketeering Act 4 in Count 1, which is one of the racketeering acts incorporated into Count 2. But this does not remedy

---

[1] Granmo does not request particulars as to overt acts in furtherance of the conspiracy and the relevant statue does not require such proof. *See* 18 U.S.C. § 1962(d).

ORDER – 3

the ambiguity in Count 2: Granmo is one of ten defendants named in Counts 4 and 5, and one of two defendants also named in Count 2; however, Granmo alone is named in Counts 2, 4, and 5 but omitted from the racketeering acts in Count 1.  Thus, Granmo is the only defendant who has been charged with conspiracy to commit RICO but lacks any insight into which racketeering acts he is accused of supporting.

This ambiguity in the FSI precludes Granmo from discerning the government's prosecution theory against him.  This is not a failure to produce evidentiary detail, and thus is unlikely to be remedied even by the voluminous discovery provided by the government in this case.  *Cf. United States v. Bortnovsky*, 820 F.2d 572, 574 (2nd Cir. 1987) (ambiguity as to which documents defendants were accused of falsifying was not remedied by government "providing mountains of documents").  Particulars are required to correct this prejudicial ambiguity.

Accordingly, the Court GRANTS IN PART Defendant Granmo's motion for a bill of particulars as to Count 2 of the FSI.  The government is ORDERED to provide Defendant Granmo with particulars as to Count 2 by disclosing which of the racketeering acts in Count 1, if any, the government alleges Granmo agreed would be carried out.  The Court DENIES Granmo's remaining requests for particulars.

SO ORDERED this 28th day of October, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 4