UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE WEGERS, et al.,

Defendants.

CASE NO. CR05-0231C

ORDER

This matter comes before the Court on Defendant Dale Robert Granmo's motion for release from detention pending sentencing. (Dkt. No. 1018.) Having carefully considered the papers submitted by the parties, as well as the transcripts of Defendant's prior detention hearings and the Court's earlier detention orders in this case, and finding an additional evidentiary hearing unnecessary, the Court will DENY Defendant's motion for the following reasons.

Defendant was indicted in June 2005, turned himself in shortly thereafter, and was released on bond by the district court in Montana. However, after being arraigned in Seattle, the magistrate judge conducted a new detention hearing and ordered him detained pending trial due to his heavy methamphetamine use while constantly armed, as well as an uncharged incident in which he allegedly assaulted a member of a rival club with an axe and blowtorch. (*See generally* Dkt. Nos. 187, 242.) This Court affirmed the magistrate judge's detention order, as did the Ninth Circuit. (Dkt. Nos. 243, 483.)

ORDER – 1

On April 27, 2006, Defendant pled guilty to one count of participating in a conspiracy to kidnap a member of a rival motorcycle gang in violation of 18 U.S.C. §§ 1959(b)(1) and 1961(1). (Dkt. No. 999.) Under the facts admitted in the plea agreement, Defendant carried a firearm into the victim's motorcycle shop, helped to surround the victim while a fellow Bandido intimidated and threatened the victim, and then drove the victim to retrieve his gang "colors." (*See* Dkt. No. 999, ¶¶ 7.a–c.) This offense carries a maximum penalty of ten-years' imprisonment, and the plea recites the parties' agreement "that the appropriate sentence to be imposed by the Court is imprisonment for not more than twenty-four (24) months." (*Id.* ¶ 8.) Defendant will be sentenced on August 11, 2006.

Because Defendant is charged with an offense for which the maximum term of imprisonment is at least ten years, he cannot be released unless (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or (2) the government "has recommended that no sentence of imprisonment be imposed." 18 U.S.C. § 3142(f)(1)(A); 18 U.S.C. § 3143(a)(2)(A). Defendant has not filed a motion for acquittal or a new trial, and the government intends to seek the full twenty-four-month term of imprisonment authorized by the plea agreement. Thus, regardless of whether Defendant still poses a danger the community, § 3143(a)(2)(A) precludes Defendant's release. The Court therefore DENIES Defendant's motion and ORDERS that he remain in custody pending sentencing.

SO ORDERED this 31st day of May, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 2